THOMAS URQUHART *v.* ASA D. GOVE.

As a general rule no one will be presumed to have paid what he was not bound for; and where he reclaims an amount so paid, the burden of proving that he was neither legally nor morally bound therefor, will be on him.

A contract or payment made for the purpose of avoiding litigation, cannot be rescinded for error of law. C. C. 1840.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.
*Benjamin,* for the plaintiff.

*Durell,* for the appellant.

GARLAND, J. This is an action to recover $350, alleged to be due for the rent of a store for three months, ending on the 31st October, 1840. There is no dispute as to the defendant's having had the store for the time mentioned, or as to the price; but the latter avers that, in the month of November, 1838, he erroneously paid the plaintiff under a different contract, the sum of $350, for the rent of the aforesaid store, which sum he claims should be re-paid to him, or compensated against plaintiff's demand.

The facts seem to be as follows: One J. B. Colla had rented the store for one year, ending on the 31st of October, 1838, and had paid the rent for the first three quarters of the year, at the rate of $1400 per annum. Colla avers that about the 5th of July, he rented the store to the defendant, for the remainder of his term, for $340, upon condition that the plaintiff would consent. Gove applied to the agent of the plaintiff, who says, that having understood from Colla that the defendant was to take the store, and he having asked his (the agent's) consent, he gave it. It does not appear that there was any understanding between the agent and the plaintiff, that the defendant was to settle the rent with Colla, and that the plaintiff was to look to him. In November, 1838, the plaintiff sued Colla for the rent, and about the same time notified the defendant that he looked to him for it also, as he did not expect to get the money from Colla. On the 19th November, 1838, Colla and defendant having an account current with each other, had a settlement, in which the $340 for rent was included, and a balance still remained in favor of the defendant. Colla

says that he always considered himself responsible to the plaintiff for the rent. On the 26th of November, 1838, the defendant paid the plaintiff the last quarter's rent supposing hmself to be responsible, and under a threat of seizure of his goods, as he says. The defendant rented the store for two years after this, and paid the rent without complaint, until in the last quarter of the second year ; when, having consulted with counsel, he was told that he had erroneously paid the money in November, 1838, and was advised to resist the payment of a quarter's rent, about which there was no dispute, for the purpose of setting up the demand he now does.

In the lease from Urquhart to Colla is a clause which declares, that the latter shall not sub-lease the premises, without the consent of the former.

In the inferior court, after a mis-trial, there was a verdict in favor of the plaintiff, and the defendant has appealed.

In this action, the defendant stands on his demand in reconvention, as a plaintiff, and must make out his case.

As a general rule, no one is presumed to pay what he is not bound for, and when he reclaims it, the *onus* is on him to show that he was neither legally nor morally bound for the sum he has paid. He must show the error of law or fact, that induced the payment. A long delay in asserting the error, when there are continued transactions and accounts, is a circumstance to be considered ; and demands or defences founded upon alleged error in old settlements, or erroneous payments, ought not to be encouraged, as they lead to litigation, and produce uncertainty in relation to past transactions. Had the defendant, in 1838, resisted the demand which he paid, we think it highly questionable whether he could have been compelled to pay it. He says in his answer that he paid it under a threat of judicial proceedings and a seizure of his property. The plaintiff further notified him, previous to his settlement with Colla, that he should hold him responsible for the rent, and make him pay it. Under these circumstances, it appears to us that the clause in article 1840 of the Civil Code, which provides that " a contract made for the purpose of avoiding litigation, cannot be rescinded for error of law," is conclusive. If an agreement to pay, for the purpose of avoiding litigation, could

not be avoided for error of law, it is difficult to see how money paid for a similar purpose could be recovered back again, upon the same ground.

*Judgment affirmed.*